# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 15-10329
Summary Calendar

———

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROBERT PATRICK SHIREY,

Defendant - Appellant

———

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:05-CR-16-11

———

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Robert Patrick Shirey challenges the 36-month sentence imposed following revocation of supervised release for his conviction in 2006 for conspiracy to manufacture, distribute, and possess with intent to distribute, 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii).   Shirey contends his sentence, which exceeds the range provided in the policy statement of the Sentencing

———

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-10329

Guidelines, is procedurally unreasonable because the court did not adequately explain the reasons for the upward variance. He also challenges the sentence's substantive reasonableness, asserting the court failed to take into account his need for drug rehabilitation and acceptance of responsibility.

Post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). *Booker*, however, concerned a Guidelines sentence imposed pursuant to a conviction, not a violation of supervised release. *United States v. Miller*, 634 F.3d 841, 842–43 (5th Cir. 2011). Therefore, even post-*Booker*, revocation sentences are reviewed under the plainly-unreasonable standard of 18 U.S.C. § 3742(a)(4). *Id.* at 843. As Shirey concedes, he did not object to the sentence in district court; accordingly, review is only for plain error. *E.g.*, *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013); *United States v. Whitelaw*, 580 F.3d 256, 259–60 (5th Cir. 2009). Under this standard, he must show a forfeited plain (clear or obvious) error that affected his substantial rights. *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, our court has discretion to correct the reversible plain error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.* For each of the two issues, Shirey has not shown the requisite clear or obvious error.

In imposing the sentence, the court cited the nature and circumstances of Shirey's supervised-release violations, and the need for deterrence and protection of the public. *See* 18 U.S.C. § 3553(a)(1), (2)(B)–(C). Additionally, the court implicitly considered Shirey's history and characteristics in imposing the revocation sentence. *See* § 3553(a)(1); *Whitelaw*, 580 F.3d at 262–65 (recognizing implicit consideration of the § 3553 factors is sufficient to satisfy

2

No. 15-10329

§ 3553(c)'s requirement the court provide reasons for an above-Guidelines sentence).

As for Shirey's substantive-unreasonableness challenge, although the 36-month sentence is above the maximum policy statement sentence of 11 months, it is below the statutory maximum of 60. "We have routinely affirmed revocation sentences exceeding the advisory range, even where the sentence equals the statutory maximum." *Warren*, 720 F.3d at 332 (citation omitted). This matter does not warrant a different result. *See id.* at 333. Shirey does not show that the court: failed to account for a factor that should have received significant weight; gave significant weight to any irrelevant or improper factors; or committed a "clear error of judgment in balancing the sentencing factors". *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

AFFIRMED.